Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Tamarah P. Prevost (SBN 313422)
tprevost@cpmlegal.com
Andrew F. Kirtley (SBN 328023)
akirtley@cpmlegal.com
Melissa Montenegro (SBN 329099)
mmontenegro@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Defendant City of San Jose*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **Howard Jarvis Taxpayers Association**; Silicon Valley Taxpayers Association, Inc.; Silicon Valley Public Accountability Foundation; James Barry; and George Arrington, <br><br> Plaintiffs, <br><br> v. <br><br> **City of San Jose**, and all persons interested in the matter of San Jose Ordinance No. 30716, establishing an Annual Gun Harm Reduction Fee, <br><br> Defendants. | Case No. _____ <br><br> **NOTICE OF REMOVAL** <br><br> [28 U.S.C. §§ 1331, 1367, 1441, 1446] <br><br> Complaint filed: March 7, 2022 <br> Complaint served: March 16, 2022 <br> Removal date: April 15, 2022 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C §§ 1331, 1367, 1441, and 1446, Defendant City of San Jose ("City") hereby removes the above-captioned action from the Santa Clara County Superior Court to the United States District Court for the Northern District of California. In support of this Notice of Removal, the City states as follows.

## I.    INTRODUCTION

1.    On March 7, 2022, Plaintiffs Howard Jarvis Taxpayers Association, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, James Barry, and George Arrington (collectively, "Plaintiffs") commenced this action against the City in the Santa Clara County Superior Court, assigned Case No. 22CV395596, with the filing of a complaint titled "Complaint to Invalidate §§ 10.32.215 and 10.32.230(B) of Chapter 10.32 of the Title 10 of the San Jose Municipal Code" ("Complaint"), a copy of which is attached here as **Exhibit A**.

2.    A copy of the state court docket sheet for this action, downloaded from the Santa Clara County Superior Court within 24 hours of the date and time this Notice of Removal is being filed, is attached here as **Exhibit B**.

3.    The Complaint brings four causes of action: **(1)** "Violation of Constitutional Rights of Speech and Association" (under the First and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 2 and 3 of the California Constitution, *see* Compl. ¶ 17); **(2)** "Unconstitutional Condition" (under the Second Amendment to the U.S. Constitution and Article I, Section 1 of the California Constitution, *see id.* ¶ 21); **(3)** "Special Tax Lacking Voter Approval" (under Article XIII C, Sections 1 and 2 of the California Constitution, *see id.* ¶¶ 27, 29-30); and **(4)** "Unconstitutional Delegation of Power to Tax" (under Article XI, Section 11, and Article XIII, Section 31 of the California Constitution, *see id.* ¶ 36).

## II.   JURISDICTION AND BASIS FOR REMOVAL

4.    Removal jurisdiction exists in this matter under 28 U.S.C. §§ 1441(a) and 1446(a) because this case is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

5.      This Court has original jurisdiction under 28 U.S.C. § 1331 with respect to Plaintiffs' claims that certain provisions of a City Ordinance violate their rights arising under federal law—namely, the First and Second Amendments to the U.S. Constitution, as applied to the City through the Fourteenth Amendment. *See* Compl. ¶¶ 17, 19, 21.

6.      This Court has supplemental jurisdiction under 28 U.S.C § 1367 with respect to Plaintiffs' other claims, which arise under California state law, because those other claims regard the same provisions of the same City Ordinance and are otherwise "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

## III.    VENUE AND INTRADISTRICT ASSIGNMENT

7.      Removal to this Court is proper under 28 U.S.C. §§ 84(a), 1441(a), and 1446(a) because Santa Clara County Superior Court, where the Complaint was filed, is a state court within the Northern District of California.

8.      Pursuant to Northern District of California Civil Local Civil Rule 3-2(c) and (e), this case should be assigned to the San Jose Division, as the alleged events giving rise to the action occurred in San Jose and concern the City of San Jose and its residents. *See* Compl. ¶¶ 4-6, 9, 19.

## IV.    PROCEDURAL REQUIREMENTS

9.      Plaintiffs served the City on March 16, 2022. *See* **Exhibit C** (Proof of Service). This Notice of Removal is being filed within 30 days of service, in accordance with 28 U.S.C § 1446(b).

10.     "[A] copy of all process, pleadings, and orders" served upon the removing defendant (i.e., the City) in this action are attached here as **Exhibit D**, in accordance with 28 U.S.C § 1446(a).

11.     A copy of this Notice of Removal is being filed with the Clerk of the Santa Clara County Superior Court and is being served on all adverse parties, through their counsel of record, in accordance with 28 U.S.C. § 1446(d).

12.     "[A]ll defendants who have been properly joined and served" have joined or consented to the removal of this action, in accordance with 28 U.S.C. § 1446(b)(2)(A). The City is the only defendant that has been "properly joined and served" in this action for purposes of Section

1446(b)(2)(A). While the Complaint also names as defendants "all persons interested in the matter of San Jose Ordinance No. 30716" (Compl. ¶ 7), all such persons are nominal or unknown, and none of them are "defendants who have been properly joined and served" for purposes of the federal removal statute. *See Baker v. Wells Fargo Bank, N.A.*, No. 1:16-cv-01943, 2017 WL 931879, at *3 (E.D. Cal. Mar. 9, 2017) ("the general requirement of consent does not apply to 'nominal, unknown, or fraudulently joined parties'").

**V.    CONCLUSION**

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant City of San Jose hereby removes this action from the Santa Clara County Superior Court to the United States District Court for the Northern District of California.

Respectfully submitted,

Dated:  April 15, 2022                    **COTCHETT, PITRE & McCARTHY, LLP**

By:    */s/ Tamarah P. Prevost*
        Joseph W. Cotchett
        Tamarah P. Prevost
        Andrew F. Kirtley
        Melissa Montenegro

*Attorneys for Defendant City of San Jose*

# Exhibit A

JONATHAN M. COUPAL, State Bar No. 107815
TIMOTHY A. BITTLE, State Bar No. 112300
LAURA E. DOUGHERTY, State Bar No. 255855
Howard Jarvis Taxpayers Foundation
921 Eleventh Street, Suite 1201
Sacramento, CA 95814
(916) 444-9950
Email: tim@hjta.org

Attorneys for Plaintiffs

E-FILED
3/7/2022 4:00 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV395596
Reviewed By: A. Villanueva

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA CLARA

HOWARD JARVIS TAXPAYERS ASSN.,
SILICON VALLEY TAXPAYERS ASSN.,
SILICON VALLEY PUBLIC ACCOUNTA-
BILITY FOUNDATION, JAMES BARRY,
and GEORGE ARRINGTON,

        Plaintiffs

    v.

CITY OF SAN JOSE, and ALL PERSONS
INTERESTED in the matter of San Jose
Ordinance No. 30716, establishing an
Annual Gun Harm Reduction Fee,

        Defendants

No.     22CV395596

**COMPLAINT TO INVALIDATE
§§ 10.32.215 AND 10.32.230(B) OF
CHAPTER 10.32 OF TITLE 10 OF THE
SAN JOSE MUNICIPAL CODE**

**Calendar preference per CCP § 867**

**PARTIES**

1. Plaintiff Howard Jarvis Taxpayers Association ("HJTA") is a nonprofit public benefit corporation, comprised of over 200,000 California members, organized and existing under the laws of California for the purpose, among others, of engaging in civil litigation on behalf of its members and all California taxpayers to ensure constitutionality in taxation. HJTA has members who reside in the City of San Jose, who legally own firearms, and who are subject to the Annual Gun Harm Reduction Fee that is the subject of this action.

2. Plaintiff Silicon Valley Taxpayers Association, Inc. ("SVTA") is a nonprofit public benefit corporation, comprised of members who reside in Santa Clara County, organized and existing under the laws of California for the purpose of advocating the reduction of taxes and acting on behalf of its members to achieve its tax reduction goals. SVTA has members who reside in the City of San Jose, who legally own firearms, and who are subject to the Annual Gun Harm Reduction Fee that is the subject of this action.

3. Plaintiff Silicon Valley Public Accountability Foundation ("SVPAF") is a nonprofit public benefit corporation, comprised of members who reside in Santa Clara County, organized and existing under the laws of California for the purpose of monitoring the policies and political actions of public officials in Santa Clara County to keep voters informed and residents represented in local decision-making. SVPAF has members who reside in the City of San Jose, who legally own firearms, and who are subject to the Annual Gun Harm Reduction Fee that is the subject of this action.

4. Plaintiff James Barry is a resident of San Jose who legally owns a firearm and is subject to the Annual Gun Harm Reduction Fee that is the subject of this action.

5. Plaintiff George Arrington is a resident of San Jose who legally owns a firearm and is subject to the Annual Gun Harm Reduction Fee that is the subject of this action.

*HJTA v. City of San Jose*, No. _____, Complaint

6.    Defendant City of San Jose ("City") is a charter city located in Santa Clara County.  The Annual Gun Harm Reduction Fee that is the subject of this action is a law of the City, which the City is responsible for enforcing.  The City can sue and be sued under Government Code § 34501.

7.    The remaining defendants are all persons interested in the matter of San Jose Ordinance No. 30716, establishing an Annual Gun Harm Reduction Fee.

### JURISDICTION AND CALENDAR PREFERENCE

8.    Plaintiffs bring this action under the validation statutes (Code of Civ. Proc. §§ 860, et seq.) because plaintiffs allege that the challenged Gun Harm Reduction Fee is a special tax, albeit not voter approved (see Gov. Code § 50077.5), and because defendant City may have already entered into a contract with a designated nonprofit organization (see Gov. Code § 53511).  Jurisdiction will be established by personal service upon the City's representative and publication of the summons in a newspaper of general circulation within the City of San Jose as required by the validation statutes. The action is entitled to calendar preference over all other civil matters under Code of Civil Procedure section 867.

### FIRST CAUSE OF ACTION

### (Violation of Constitutional Rights of Speech and Association)

9.    Ordinance No. 30716 was passed into law by the City Council of the City of San Jose on or about February 8, 2022.  Ordinance No. 30716 added Part 6 to Chapter 10.32 of Title 10 of the San Jose Municipal Code, entitled "Reduction of Gun Harm – Liability Insurance Requirement and Gun Harm Reduction Fee" (hereafter "the Ordinance").

10.    The Ordinance requires any San Jose resident who owns a firearm to "obtain and continuously maintain in full force and effect a homeowner's, renter's or gun liability insurance policy ... specifically covering losses or damages resulting from any accidental use of the Firearm."  (San Jose Muni. Code § 10.32.210(A).)  This

3

1   requirement of the Ordinance is not challenged herein.

2       11.   The Ordinance also requires San Jose gun owners to pay an "Annual Gun

3   Harm Reduction Fee" to a "Designated Nonprofit Organization" that the City Manager

4   will designate from time to time.  The amount of the annual fee "will be set forth in the

5   schedule of fees and charges established by resolution of the City Council."  (Muni.

6   Code § 10.32.215.)  It is this fee that plaintiffs challenge herein.

7       12.   "Designated Nonprofit Organization" is defined in the Ordinance as "an

8   entity that qualifies as a nonprofit corporation under the federal internal revenue code

9   and is designated pursuant to the City Manager's authority under Section 10.32.235,"

10  provided that "[n]o City official or employee shall sit on the board of directors of the

11  Designated Nonprofit Organization."  (Muni. Code § 10.32.205(B).)  Section 10.32.235,

12  in subdivision (A)(2), delegates authority to the City Manager for "[d]esignation of the

13  nonprofit organization that will receive the Gun Harm Reduction Fee."

14      13.   The Ordinance provides basic guidelines for expenditure of the fee by the

15  nonprofit organization.  It says, "expenditures may include, but are not necessarily

16  limited to the following: (1) Suicide prevention services or programs; (2) Violence

17  reduction or gender based violence services or programs; (3) Addiction intervention and

18  substance abuse treatment; (4) Mental health services related to gun violence; or (5)

19  Firearms safety education or training."  (Muni. Code § 10.32.220(A).)

20      14.   The Ordinance further states, "The Designated Nonprofit Organization shall

21  spend every dollar generated from the Gun Harm Reduction Fee, minus administrative

22  expenses, exclusively for programs and initiatives designed to (a) reduce the risk or

23  likelihood of harm from the use of firearms in the City of San Jose, and (b) mitigate the

24  risk of physical harm or financial, civil, or criminal liability that a San Jose firearm owner

25  or her family will incur through her possession of firearms."  (Muni. Code §

26  10.32.220(C).)

27      15.   Except for these basic guidelines, the Ordinance provides that "the City

4

shall not specifically direct how the monies from the Gun Harm Reduction Fee are expended."  (Muni. Code § 10.32.220(C).)

16.   A gun owner's failure to pay the required fee to the designated private organization is punishable by a fine (Muni. Code § 10.32.240(A)) and confiscation of the owner's firearms (Muni. Code § 10.32.245).

17.   The First Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides, "Congress shall make no law ...  abridging the freedom of speech ... or the right of the people peaceably to assemble."  Article I, sections 2 and 3 of the California Constitution provide, "A law may not restrain or abridge liberty of speech," and "The people have the right to ... assemble freely to consult for the common good."

18.   Liberty of speech includes the right to not speak and the right to not be forced by the government to support someone else's speech, particularly when you disagree with their message.  The right to assemble freely includes the right to associate with others around a common cause and the right to not be forced by the government to associate with or support someone else's organization, particularly a group with which you would not voluntarily assemble.

19.   By requiring San Jose gun owners to pay an Annual Gun Harm Reduction Fee to a private nonprofit organization that the City Manager will designate, the Ordinance forces San Jose gun owners to associate with or support that private group and to fund their message, in violation of the gun owners' rights of free speech and association under the United States and California constitutions.

WHEREFORE, plaintiffs pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Unconstitutional Condition)

20.   Plaintiffs repeat the allegations contained in Paragraphs 1 through 19 above as though fully set forth herein.

5

21.   The Second Amendment of the United States Constitution provides, "the right of the people to keep and bear arms, shall not be infringed."  Article I, section 1 of the California Constitution provides that "All people ... have inalienable rights" among which are the rights of "protecting property, and pursuing and obtaining safety."

22.   Plaintiff gun owners wish to continue exercising their rights under the United States and California constitutions to protect their property and personal safety by keeping and bearing arms.  However, the Ordinance has placed a condition on the continued exercise of those rights: any gun owner who fails to pay the required fee to the designated private organization may be forced to surrender his firearms to the City. (Muni. Code § 10.32.245.)

23.   Plaintiff gun owners' constitutional rights are "inalienable."  They are not rights granted by the City of San Jose that can be withheld or revoked by the City if gun owners do not comply with conditions contrived by the City.

WHEREFORE, plaintiffs pray for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Special Tax Lacking Voter Approval)

24.   Plaintiffs repeat the allegations contained in Paragraphs 1 through 23 above as though fully set forth herein.

25.   The Annual Gun Harm Reduction Fee is imposed by the City of San Jose.

26.   The Annual Gun Harm Reduction Fee is a compulsory exaction.

27.   Article XIII C, section 1(e) of the California Constitution defines a "tax" as "any levy, charge, or exaction of any kind imposed by a local government" unless it fits one of seven limited exceptions.

28.   Although labeled a "fee" by the City, the Annual Gun Harm Reduction Fee does not qualify for any exception from the definition of a "tax" enumerated in article XIII C, section 1(e).  Therefore it is a tax.

29.   Taxes are either "general taxes" or "special taxes."  A "special tax" is "any

6

1   tax imposed for specific purposes."  (Cal. Const., art. XIII C, § 1(d).)  The Annual Gun

2   Harm Reduction Fee is imposed ostensibly for the purpose of reducing gun harm.

3   Therefore, it is a special tax.

4       30.   Article XIII C, section 2(d) of the California Constitution provides, "No local

5   government may impose, extend, or increase any special tax unless and until that tax is

6   submitted to the electorate and approved by a two-thirds vote."

7       31.   The Annual Gun Harm Reduction Fee was not submitted to the electorate

8   or approved by a two-thirds vote.

9       WHEREFORE, plaintiffs pray for judgment as hereinafter set forth.

10   **FOURTH CAUSE OF ACTION**

11   **(Unconstitutional Delegation of Power to Tax)**

12       32.   Plaintiffs repeat the allegations contained in Paragraphs 1 through 31

13   above as though fully set forth herein.

14       33.   Only the government possesses the power to tax.

15       34.   The power to tax includes the power to collect taxes and appropriate tax

16   revenues.

17       35.   Under the Ordinance, the Annual Gun Harm Reduction Fee will be collected

18   by the private nonprofit organization that the City Manager will designate.  That revenue

19   will not be remitted to the City, but will be appropriated by the private organization.  San

20   Jose Municipal Code section 10.32.220(C) states, "The Designated Nonprofit

21   Organization shall spend every dollar generated from the Gun Harm Reduction Fee,"

22   and "the City shall not specifically direct how the monies from the Gun Harm Reduction

23   Fee are expended."

24       36.   Under article XIII, section 31 of the California Constitution, the power to tax

25   may not be granted to a private entity.  It provides, "The power to tax may not be

26   surrendered or suspended by grant or contract."  Similarly, article XI, section 11

27   prohibits the delegation of local powers to private entities.  It prohibits "delegat[ing] to a

7

1  private person or body power to make, control, appropriate, supervise, or interfere with

2  county or municipal corporation improvements, money, or property, or to levy taxes or

3  assessments, or perform municipal functions."

4        37.   The Ordinance unconstitutionally delegates some of the City's power to tax

5  and appropriate tax revenues to a private organization, not answerable to the voters,

6  that the City Manager will designate.

7        WHEREFORE, plaintiffs pray for judgment as set forth below:

8                     **PRAYER**

9        Based on the foregoing allegations, plaintiffs pray for judgment against

10  defendants as follows:

11        1.   For an Order invalidating sections 10.32.215 and 10.32.230(B) of chapter

12  10.32 of title 10 of the San Jose Municipal Code;

13        2.   For costs of suit including reasonable attorney fees; and

14        3.   For such other or further relief as the Court deems just and proper.

15        DATED: March 7, 2022.

16              Respectfully submitted,

17              JONATHAN M. COUPAL
               TIMOTHY A. BITTLE

18              LAURA E. DOUGHERTY

19

20              TIMOTHY A. BITTLE
            Attorneys for Plaintiffs

21

22

23

24

25

26

27

8

1

**VERIFICATION**

2     I, Timothy A. Bittle, am the Director of Legal Affairs for the Howard Jarvis

3 Taxpayers Association, one of the plaintiffs in this action, and authorized to sign this

4 Verification on the Association's behalf.  The other plaintiffs are absent from the County

5 of Sacramento where I have my office, and I make this verification for that reason as

6 well.

7     I have read the attached complaint.  Except as to matters stated on information

8 and belief, the allegations contained in the complaint are true of my own knowledge

9 and, with regard to those matters stated on information and belief, I believe them to be

10 true.

11     I declare, upon penalty of perjury under the laws of the State of California, that

12 the foregoing is true and correct and that this verification was executed on the date

13 shown below in the City of Sacramento, California.

14     DATED: March 7, 2022.

15

16     TIMOTHY A. BITTLE

17

18

19

20

21

22

23

24

25

26

27

9

# Exhibit B

# 22CV395596

🖨 Print

## Howard Jarvis Taxpayers Association et al vs All Persons Interested in the matter of San Jose Ordinance No. 30716, et al

**Case Information**

**Case Type:** Other Complaint (Not Spec) Unlimited (42)
**Case Number:** 22CV395596
**Filing Date:** 3/7/2022
**Case Status:** Active
**Court Location:** Civil

PARTIES

EVENTS

HEARINGS

Show All entries                                          Search: [        ]

| Type | First Name | Middle Name | Last Name |
|------|-----------|-------------|-----------|
| Defendant | | | All Persons Interested in the matter of San Jose Ordinance No. 30716, |
| Defendant | | | City of San Jose |
| Plaintiff | | | Howard Jarvis Taxpayers Association |
| Plaintiff | James | | Barry |
| Plaintiff | George | | Arrington |
| Plaintiff | | | Silicon Valley Taxpayers Association |
| Plaintiff | | | Silicon Valley Public Accountability Foundation |

Showing 1 to 7 of 7 entries                                    Previous **1** Next

## Attorneys

[        ]

Show All entries                                          Search: [        ]

| Representing | First Name | Middle Name | Last Name |
|--------------|-----------|-------------|-----------|
| **Howard Jarvis Taxpayers Association** | **Timothy** | **Arthur** | **Bittle** |
| **Silicon Valley Public Accountability Foundation** | **Timothy** | **Arthur** | **Bittle** |
| **Silicon Valley Taxpayers Association** | **Timothy** | **Arthur** | **Bittle** |
| **George Arrington** | **Timothy** | **Arthur** | **Bittle** |
| **James Barry** | **Timothy** | **Arthur** | **Bittle** |

Showing 1 to 5 of 5 entries                                    Previous **1** Next

Show All entries                                          Search: [        ]

| File Date | File Type | Filed By | Comment | Documents |
|-----------|-----------|----------|---------|-----------|
| 4/14/2022 | Proof of Service: Summons DLR (Civil) | Howard Jarvis Taxpayers Association, James Barry, George Arrington, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, | Proof of Published Service of Summons on "All Persons Interested" | 📄 |
| 3/25/2022 | Order: Ex Parte | Timothy Bittle, Howard Jarvis Taxpayers Association, James Barry, George Arrington, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, | GRANTED Order Approving Publication of Summons | 📄 |
| 3/24/2022 | Proof of Service | Timothy Bittle, Howard Jarvis Taxpayers Association, James Barry, George Arrington, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, | | 📄 |

| File Date | File Type | Filed By | Comment | Documents |
|---|---|---|---|---|
| 3/24/2022 | Ex Parte Application - Notice Required | Timothy Bittle, Howard Jarvis Taxpayers Association, James Barry, George Arrington, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, | for Order Approving Publication of Summons; Declaration of Timothy Bittle; Memorandum of Points and Authorities | 🗎 |
| 3/22/2022 | Opposition/Objections | City of San Jose, | to Ex Parte Application for Order Approving Publication of Summons | 🗎 |
| 3/22/2022 | Request: Judicial Notice | City of San Jose, | In Support of Opposition to Ex Parte Application for Order Approving Publication of Summons | 🗎 |
| 3/18/2022 | Proof of Service: Summons DLR (Civil) | Howard Jarvis Taxpayers Association, James Barry, George Arrington, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, | Proof of Service of Summons | 🗎 |
| 3/7/2022 | New Filed Case | | | |
| 3/7/2022 | Complaint (Unlimited) (Fee Applies) | Howard Jarvis Taxpayers Association, James Barry, George Arrington, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, | Complaint to Invalidate Sections 10.32.215 and 10.32.230(B) of Chapter 10.32 of Title 10 of the San Jose Municipal Code | 🗎 |
| 3/7/2022 | Civil Case Cover Sheet | Howard Jarvis Taxpayers Association, James Barry, George Arrington, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, | Civil Case Cover Sheet | 🗎 |
| 3/7/2022 | Summons: Issued/Filed | Howard Jarvis Taxpayers Association, James Barry, George Arrington, Silicon Valley Taxpayers Association, Silicon Valley Public Accountability Foundation, | Summons | 🗎 |

Showing 1 to 11 of 11 entries

Previous 1 Next

Show All entries

Search:

| Department | Type | Date | Time | Result |
|---|---|---|---|---|
| Department 20 | Conference: Case Management | 8/2/2022 | 3:00PM | |

Showing 1 to 1 of 1 entries

Previous 1 Next

# Exhibit C

22CV395596
Santa Clara – Civil

POS-010

R. Fleming

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Timothy Bittle, 112300<br>Howard Jarvis Taxpayers Foundation<br>921 11th Street, Suite 1201<br>Sacramento, CA 95814<br>TELEPHONE NO.: (916) 444-9950<br>ATTORNEY FOR *(Name):* Plaintiff | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/18/2022 11:25 AM<br>Reviewed By: R. Fleming<br>Case #22CV395596<br>Envelope: 8543660** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

Superior Court of California, Santa Clara County
191 N. First Street
San Jose, CA 95113-1090

| PLAINTIFF/PETITIONER: Howard Jarvis Taxpayers Assn., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: City of San Jose, et al. | 22CV395596 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Alternative Dispute Information Sheet

3. a. Party served: City of San Jose

   b. Person Served: Office of the City Clerk - Person Authorized to Accept Service of Process

4. Address where the party was served: 200 E Santa Clara St, Tower 14th Floor
   San Jose, CA 95113

5. I served the party
   b. **by substituted service.** On (date): 03/16/2022    at (time): 1:58PM    I left the documents listed in item 2 with or
   in the presence of: Toni Taber - Deputy City Clerk - Person In Charge Of Office
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
      person to be served. I informed him or her of the general nature of the papers.

      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   City of San Jose

   under:    CCP 416.50 (public entity)
7. **Person who served papers**
   a. Name:    Joseph Hussey
   b. Address:    One Legal - P-000618-Sonoma
      1400 North McDowell Blvd, Ste 300
      Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $    153.00
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.  ps1611
         (iii) County  Santa Clara

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 03/16/2022

Joseph Hussey
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 17868464

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Timothy Bittle, 112300<br>Howard Jarvis Taxpayers Foundation<br>921 11th Street, Suite 1201<br>Sacramento, CA 95814 | (916) 444-9950 | |
| ATTORNEY FOR *(Name):* Plaintiff | Ref. No. or File No. | |

Insert name of court, judicial district or branch court, if any:

Santa Clara - First Street
191 N. First Street
San Jose, CA 95113-1090

PLAINTIFF:

Howard Jarvis Taxpayers Assn., et al.

DEFENDANT:

City of San Jose, et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER:<br>22CV395596 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 03/17/2022, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Complaint, Alternative Dispute Information Sheet

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

City of San Jose

Office of the City Clerk (or authorized staff)

200 E Santa Clara St, Tower 14th Floor

San Jose, CA 95113

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 153.00

One Legal - P-000618-Sonoma

1400 North McDowell Blvd, Ste 300

Petaluma, CA 94954

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 03/17/2022 at Petaluma, California.

*MBerry*

_____

Melissa Berry

OL# 17868464

# Exhibit D

1  JONATHAN M. COUPAL, State Bar No. 107815
   TIMOTHY A. BITTLE, State Bar No. 112300
2  LAURA E. DOUGHERTY, State Bar No. 255855
   Howard Jarvis Taxpayers Foundation
3  921 Eleventh Street, Suite 1201
   Sacramento, CA 95814
4  (916) 444-9950
   Email: tim@hjta.org
5
   Attorneys for Plaintiffs
6



F I L E D

MAR 23 2022

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _R. Sandoval_ DEPUTY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                    FOR THE COUNTY OF SANTA CLARA
9

10  HOWARD JARVIS TAXPAYERS ASSN.,        )  No. 22CV395596
    SILICON VALLEY TAXPAYERS ASSN.,       )
11  SILICON VALLEY PUBLIC ACCOUNTA-       )
    BILITY FOUNDATION, JIM BARRY, and     )
12  GEORGE ARRINGTON,                     )  **EX PARTE APPLICATION FOR ORDER**
                                          )  **APPROVING PUBLICATION OF**
13              Plaintiffs                )  **SUMMONS; DECLARATION OF**
                                          )  **TIMOTHY BITTLE; MEMORANDUM OF**
14          v.                            )  **POINTS AND AUTHORITIES**
                                          )
15  CITY OF SAN JOSE, and ALL PERSONS     )
    INTERESTED in the matter of San Jose  )
16  Ordinance No. 30716, establishing an  )  Department:    20
    Annual Gun Harm Reduction Fee,        )  Case Filed:    March 7, 2022
17                                        )  Trial Date:    Not Set
                Defendants                )
18  _____)  Calendar preference per CCP § 867

19

20                              **TELEPHONE APPEARANCE**

21

22

23

24

25

26

27

1

## **EX PARTE APPLICATION**

2    Plaintiffs Howard Jarvis Taxpayers Association *et al.* hereby apply *ex parte* for

3  an Order approving the form of, and the publication of, summons upon all persons

4  interested in the matter of City of San Jose Ordinance No. 30716, establishing an

5  Annual Gun Harm Reduction Fee.

6    Plaintiffs have sued the City of San Jose ("City") to invalidate the new gun fee on

7  the grounds that it violates their constitutional rights of free speech and association,

8  places an unconstitutional condition on their right to bear arms, is a special tax which

9  needed 2/3 voter approval, unlawfully delegates governmental taxing power to a private

10  organization, and for these reasons is invalid.

11    This application is made on the grounds that Government Code sections

12  50077.5 and 53511 require plaintiffs' lawsuit to be brought as a reverse-validation

13  action against "all persons" under Code of Civil Procedure sections 860 *et seq.*

14  Pursuant to Code of Civil Procedure sections 861, 861.1, and 863, all persons

15  interested must be specially notified through published summons.  The proposed form

16  of published summons is attached to the accompanying proposed Order as Exhibit 1.

17  Supporting this Application are the attached (1) Declaration of Timothy Bittle and (2)

18  Memorandum of Points and Authorities.

19    DATED: March 17, 2022.

20                Respectfully submitted,

21                JONATHAN M. COUPAL
                 TIMOTHY A. BITTLE
22                LAURA E. DOUGHERTY

23

24                TIMOTHY A. BITTLE
                 Attorneys for Plaintiffs

25

26

27

2

## DECLARATION OF TIMOTHY BITTLE

I, Timothy Bittle, declare:

1.      I am an attorney duly licensed by the State of California, admitted to practice before this Court, and counsel for plaintiffs in this action.  I have personal knowledge of the facts to follow and if called as a witness, my testimony would be the same.

2.      On March 17,  2022, at approximately 10:00 a.m., I called the San Jose City Attorney's Office, explained that I was calling to give notice of this ex parte application, and asked to speak with the deputy assigned to this case.  I was informed that no deputy had yet been assigned, but that I could leave my message with Vada Burrow for City Attorney Nora Frimann.  I was connected to Ms. Burrow's voicemail and I left a message that plaintiffs would be depositing this application in the Court's drop box on Monday, March 21, 2022, hoping for a hearing on Thursday, March 24, 2022. Shortly after hanging up, I sent the same message to the City Attorney's email address, cao.main@sanjoseca.gov, attaching a copy of the ex parte papers we would be filing.

3.      Absent immediate approval of this ex parte application, plaintiffs will be unable to satisfy the publication and proof of service requirements of the validation statutes (Code of Civ. Proc. §§ 860 *et seq.*).  To comply with these statutes, plaintiffs must: (1) arrange to have summons published once a week for three weeks in a newspaper of general circulation for the City of San Jose (Code of Civ. Proc. § 861; Gov. Code § 6063); then (2) obtain proof of publication from the newspaper; and (3) file the proof of publication as proof of service in this court – all within 60 days of the commencement of the action (Code of Civ. Proc. § 863; CRC Rule  Rule 3-110(b)).

4.      My office consulted the Court's list of newspapers of general circulation available on the Court's website and found that the Mercury News is a newspaper which has been adjudicated as a newspaper of general circulation in the City of San Jose. According to its website, it is the newspaper with the most print and online

1 │ subscribers in the City of San Jose.

2 │ I declare upon penalty of perjury under the laws of the State of California that the

3 │ foregoing is true and correct and that this declaration was executed this 17th day of

4 │ March, 2022, in Sacramento, California.

*Tim Bittle*

TIMOTHY A. BITTLE

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

This is a "reverse-validation action" brought under the validation statutes (Code of Civ. Proc. §§ 860, *et seq.*), which authorize an action to validate or invalidate acts of local governments. Plaintiffs assert that certain sections of Ordinance No. 30716, recently enacted by the San Jose City Council, are invalid.

The ordinance imposes a new Gun Harm Reduction Fee that all San Jose gun owners must pay annually to a private nonprofit organization to be designated by the City Manager. Plaintiffs' complaint alleges that the new fee violates their constitutional rights of free speech and association, places an unconstitutional condition on the right to bear arms, is a special tax which needed 2/3 voter approval, unlawfully delegates governmental taxing power to a private organization, and for these reasons is invalid.

Because this action is brought under the validation statutes, plaintiffs' complaint names as defendants: (1) the City of San Jose, and (2) "all persons interested in the matter of San Jose Ordinance No. 30716, establishing an Annual Gun Harm Reduction Fee."

Plaintiffs submitted their complaint for filing on March 7, 2022. It was processed for filing and given a case number on March 15, 2022, at which time the clerk also issued summons for the City.

Plaintiffs personally served the complaint and summons on the City via process server on March 16, 2022. This application to publish summons applies only to

4

1   unknown potential defendants named as "all persons interested."

2   Code of Civil Procedure section 861 requires "all persons interested" to be

3   served via summons published once a week for three weeks in the Legal Notices

4   section of a newspaper of general circulation in the City of San Jose.  Before plaintiffs

5   can publish summons, however, this Court must approve the form and wording of the

6   summons, and the proposed newspaper in which it will be published.

7   Because CRC Rule 3-110(b) and Code of Civil Procedure section 863 require

8   plaintiffs to serve all defendants "within 60 days after the filing of the complaint," time is

9   of the essence.

10                                ARGUMENT

11   A.   *Seeking This Order Ex Parte is Appropriate*

12   Government Code section 50077.5 provides that the validation statutes apply "to

13   any judicial action or proceeding to validate, attack, review, set aside, void, or annul an

14   ordinance or resolution ... that levies a special tax."  Since plaintiffs' complaint alleges

15   that the Annual Gun Harm Reduction Fee constitutes a special tax (albeit not approved

16   by the voters), Code of Civil Procedure sections 860 *et seq.* apply to this action.

17   Moreover, Government Code section 53511 provides that the validation statutes

18   apply "to determine the validity of [an agency's] bonds, warrants, contracts, obligations

19   or evidences of indebtedness."  The City's ordinance directs the City Manager to

20   designate a private nonprofit organization to collect and spend the Annual Gun Harm

21   Reduction Fee.  Because plaintiffs are informed and believe that the City may have

22   already entered into a contract with a nonprofit organization for this purpose, Code of

23   Civil Procedure sections 860 *et seq.* apply to this action.

24   Section 861 provides that, "[j]urisdiction of all interested parties may be had by

25   publication of summons pursuant to Section 6063 of the Government Code in a

26   newspaper of general circulation designated by the court, published in the county where

27   the action is pending and whenever possible within the boundaries of the public

5

1  agency."  Section 861.1 requires that "[t]he summons shall be directed to 'all persons

2  interested in the matter of [specifying the matter].'"  Government Code section 6063

3  requires publication once a week for three weeks.

4         Section 863 provides that, "[i]n any such action the summons shall be in the form

5  prescribed in Section 861.1 except that in addition to being directed to 'all persons

6  interested in the matter of [specifying the matter],' it shall also be directed to the public

7  agency. *If the interested person bringing such action fails to complete the publication*

8  *and such other notice as may be prescribed by the court in accordance with Section*

9  *861 and to file proof thereof in the action within 60 days from the filing of his complaint,*

10  *the action shall be forthwith dismissed*."

11         By statute, then, there is insufficient time to request approval of the form of

12  summons and place of publication using a regular noticed motion.   Plaintiffs must have

13  time to schedule publication of the summons in the "legal notices" section of the

14  newspaper, allow three weeks for publication, then obtain from the newspaper a "proof

15  of publication" and file it with this court, all within the 60-day time limitation.  Otherwise,

16  absent an extension of time, the case will be dismissed.

17  B.    *The Proposed Form of Publication Satisfies the Statute*

18         Code of Civil Procedure section 861 requires publication in "a newspaper of

19  general circulation ... published in the county where the action is pending and whenever

20  possible within the boundaries of the public agency."

21         In this case, the Mercury News has been adjudicated as a newspaper of general

22  circulation within the boundaries of the City of San Jose and is also the newspaper with

23  the largest number of online and print subscribers.

24         Section 861.1 requires that, "the summons shall be in the form prescribed in Section

25  412.20."  In a nutshell, section 412.20 requires the summons to include the following:

26       (1) The title of the court in which the action is pending.

27       (2) The names of the parties to the action.

6

1    (3) A direction that, to be heard, the defendant must file a written response to the
2 complaint within the time specified.  (Section 861.1, in turn, provides that the time to
3 respond "shall be 10 or more days after the completion of publication of the summons.")

4    (4) A notice that, unless the defendant so responds, plaintiff may apply for entry
5 of default and the relief sought by the complaint.

6    (5) The following statement in boldface type: "You may seek the advice of an
7 attorney in any matter connected with the complaint or this summons.  Such attorney
8 should be consulted promptly so that your pleading may be filed or entered within the
9 time required by this summons."

10    (6) The following introductory legend at the top of the summons above all other
11 matter, in boldface type, in English and Spanish: "Notice!  You have been sued.  The
12 court may decide against you without your being heard unless you respond within [the
13 time specified].  Read the information below."

14    The proposed form of summons attached as Exhibit 1 to the proposed Order
15 contains all of the information required by section 412.20.

16                                    CONCLUSION

17    Due to the time constraints associated with a reverse-validation action, this ex
18 parte application is appropriate.  The proposed form of summons (attached to the
19 proposed Order filed herewith), and the proposed newspaper (Mercury News) comply
20 with the requirements of the applicable statutes.  For these reasons, plaintiffs' ex parte
21 application for approval should be granted.

22    DATED: March 17, 2022              Respectfully submitted,

23                                      JONATHAN M. COUPAL
                                        TIMOTHY A. BITTLE
24                                      LAURA E. DOUGHERTY

25                                      *Tim Bittle*

26                                      TIMOTHY A. BITTLE
                                        Attorneys for Plaintiffs

27

7

JONATHAN M. COUPAL, State Bar No. 107815
TIMOTHY A. BITTLE, State Bar No. 112300
LAURA E. DOUGHERTY, State Bar No. 255855
Howard Jarvis Taxpayers Foundation
921 Eleventh Street, Suite 1201
Sacramento, CA 95814
Tel: (916) 444-9950
Fax:(916) 444-9823
Email: tim@hjta.org
Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA CLARA

HOWARD JARVIS TAXPAYERS ASSN.,
SILICON VALLEY TAXPAYERS ASSN.,
SILICON VALLEY PUBLIC ACCOUNTA-
BILITY FOUNDATION, JIM BARRY, and
GEORGE ARRINGTON,

        Plaintiffs

        v.

CITY OF SAN JOSE, and ALL PERSONS
INTERESTED in the matter of San Jose
Ordinance No. 30716, establishing an
Annual Gun Harm Reduction Fee,

        Defendants
_____

No. 22CV395596

**[PROPOSED] ORDER APPROVING
PUBLICATION OF SUMMONS**

Department:    20
Case Filed:    March 7, 2022
Trial Date:    Not Set

Calendar preference per CCP § 867

## **ORDER**

On the application of plaintiffs, which was considered _____, 2022, in Department 20 with notice to counsel for defendant City of San Jose, the Court having considered the authorities cited and good cause appearing therefor:

IT IS HEREBY ORDERED that plaintiffs' application for approval to publish summons as to All Persons Interested in the matter of San Jose Ordinance No. 30716 is GRANTED AS FOLLOWS:

1.      Plaintiffs shall use the form of Summons attached hereto as Exhibit 1.

2.      Plaintiffs shall cause the Summons to be published once a week for three consecutive weeks, with at least five days intervening between publication dates, in the Legal Notices section of the San Jose Mercury News.

3.      Plaintiffs shall obtain Proof of Publication from said newspaper and file it with this Court immediately thereafter, or show good cause for their failure to do so.

DATED:  _____, 2022.

_____
HON. _____
JUDGE OF THE SUPERIOR COURT

*HJTA v. City of San Jose*, No. 22CV395596, Order Approving Publication of Summons

1
2
3
4
5
6
7
8
9
10
11
12
13                                               **EXHIBIT 1**
14
15
16
17
18
19
20
21
22
23
24
25
26
27

3

**SUMMONS**


**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND NOT LATER THAN  [A date to be determined that is 10 or more days after the completion of publication of the summons in the newspaper].   READ THE INFORMATION BELOW.**


**AVISO!  USTED HA SIDO DEMANDADO.  EL TRIBUNAL PUEDE DECIDIR CONTRA USTED SIN AUDIENCIA A MENOS QUE USTED RESPONDA NO MÁS TARDE QUE EL DÍA   [The date from above that is 10 or more days after the completion of publication of the summons in the newspaper].   LEA LA INFORMACIÓN QUE SIGUE.**


**TO ALL PERSONS INTERESTED IN THE MATTER OF CITY OF SAN JOSE ORDINANCE NO. 30716**, ESTABLISHING AN ANNUAL GUN HARM REDUCTION FEE.

A civil complaint has been filed in California Superior Court for the County of Santa Clara by Howard Jarvis Taxpayers Association and other plaintiffs against defendant City of San Jose for the purpose of determining the validity of the City's Annual Gun Harm Reduction Fee.

Plaintiffs allege that the new fee violates their constitutional rights of free speech and association, places an unconstitutional condition on the right to bear arms, is a special tax which needed 2/3 voter approval, unlawfully delegates governmental taxing power to a private organization, and for these reasons is invalid.

To be heard regarding this matter, you must file with the court a written response

1   to the complaint by  [the date from above that is 10 or more days after the completion of
2   publication of the summons in all newspapers].   If you do not file a timely written response
3   with the court, plaintiffs may apply for entry of default and the relief sought by their
4   complaint.  You may obtain a copy of the complaint by contacting plaintiffs' counsel using
5   the address or telephone number shown below.  If you respond to defend the legality or
6   validity of the matter, you will not be subject to punitive action such as wage garnishment
7   or seizure of real or personal property.

8

9       **YOU MAY SEEK THE ADVICE OF AN ATTORNEY IN ANY MATTER**
10  **CONNECTED WITH THE COMPLAINT OR THIS SUMMONS. SUCH ATTORNEY**
11  **SHOULD BE CONSULTED PROMPTLY SO THAT YOUR PLEADING MAY BE FILED**
12  **OR ENTERED WITHIN THE TIME REQUIRED BY THIS SUMMONS.**

13

14      ***PUEDE SOLICITAR EL CONSEJO DE UN ABOGADO EN CUALQUIER ASUNTO***
15  ***RELACIONADO CON LA DENUNCIA O CON ESTA CITACIÓN. DICHO ABOGADO***
16  ***DEBERÁ CONSULTARSE INMEDIATAMENTE PARA QUE SU ALEGATO PUEDA SER***
17  ***PRESENTADO O ENTRADO EN EL MOMENTO REQUERIDO POR ESTA CITACIÓN***
18  ***JUDICIAL.***

19

20  The name and address of the Court is (El nombre y dirección del Tribunal es):

21

22      Superior Court, County of Santa Clara
23      191 North First Street
24      San Jose, CA 95113
25      CASE NUMBER (Numero del Caso): 22CV395596
26
27

The name, address, and telephone number of plaintiffs' attorney is (El nombre, dirección y número de teléfono de los abogados del demandante es):

Timothy A. Bittle

Howard Jarvis Taxpayers Foundation

921 11th Street, Ste. 1201

Sacramento, CA 95814

Tel: 916-444-9950

1  JONATHAN M. COUPAL, State Bar No. 107815
   TIMOTHY A. BITTLE, State Bar No. 112300
2  LAURA E. DOUGHERTY, State Bar No. 255855
   Howard Jarvis Taxpayers Foundation
3  921 Eleventh Street, Suite 1201
   Sacramento, CA 95814
4  (916) 444-9950
   Email: tim@hjta.org
5
   Attorneys for Plaintiffs
6

7

F I L E D

MAR 23 2022

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _R. Sandoval_ DEPUTY

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA
               FOR THE COUNTY OF SANTA CLARA
9

| | | |
|---|---|---|
| 10  HOWARD JARVIS TAXPAYERS ASSN., | ) | No. 22CV395596 |
|     SILICON VALLEY TAXPAYERS ASSN., | ) | |
| 11  SILICON VALLEY PUBLIC ACCOUNTA- | ) | |
|     BILITY FOUNDATION, JIM BARRY, and | ) | |
| 12  GEORGE ARRINGTON, | ) | **PROOF OF SERVICE** |
| | ) | |
| 13            Plaintiffs | ) | |
| | ) | |
| 14      v. | ) | |
| | ) | |
| 15  CITY OF SAN JOSE, and ALL PERSONS | ) | |
|     INTERESTED in the matter of San Jose | ) | |
| 16  Ordinance No. 30716, establishing an | ) | Department:  20 |
|     Annual Gun Harm Reduction Fee, | ) | Case Filed:  March 7, 2022 |
| 17  | ) | Trial Date:  Not Set |
| | ) | |
| 18            Defendants | ) | Calendar preference per CCP § 867 |

19

20

21

22

23

24

25

26

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**PROOF OF SERVICE**

I, Kiaya Algea, declare:

I am employed in the County of Sacramento, California. I am over the age of 18 years, and not a party to the within action. My business address is: 921 11th Street, Suite 1201, Sacramento, California 95814. On March 17, 2022, I served:

• **EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS; DECLARATION OF TIMOTHY BITTLE; MEMORANDUM OF POINTS AND AUTHORITIES**

• **[PROPOSED] ORDER APPROVING PUBLICATION OF SUMMONS**

• **PROOF OF SERVICE**

on the interested parties below, using the following means:

**SEE ATTACHED SERVICE LIST**

<u>X</u>   **BY U.S. MAIL** On the date listed above, I enclosed the documents in a sealed envelope or package addressed to the interested parties at their respective addresses listed below and deposited the sealed envelopes with the United States Postal Service, with the postage fully prepaid. The envelope or package was placed in the mail at Vacaville, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 17, 2022, at Vacaville, California.

Kiaya R. Algea

2

*HJTA v. City of San Jose*, No.22CV395596, Proof of Service

1

## SERVICE LIST

2

3  Nora Frimann
   Office of the City Attorney
4  200 E. Santa Clara Street, 16th Floor
   San Jose, CA 95113
   Phone: (408) 535-1900
5
   *Attorneys for Defendant City of San Jose*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3

27

1  Joseph W. Cotchett (SBN 36324)
   Tamarah P. Prevost (SBN 313422)
2  Melissa Montenegro (SBN 329099)
   **COTCHETT, PITRE & McCARTHY, LLP**
3  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
4  Burlingame, CA  94010
   Telephone:  (650) 697-6000
5  Facsimile:  (650) 697-0577
   jcotchett@cpmlegal.com
6  tprevost@cpmlegal.com
   mmontenegro@cpmlegal.com
7
   Attorneys for CITY OF SAN JOSE
8

**F I L E D**

MAR 22 2022

Clerk of the Court
Superior Court of CA County of Santa Clara
BY *R. Sandoval* DEPUTY

9

10                **SUPERIOR COURT OF CALIFORNIA**

11          **IN AND FOR THE COUNTY OF SANTA CLARA**

12                    **UNLIMITED JURISDICTION**

13
   HOWARD JARVIS TAXPAYERS ASSN.,          Case Number: 22CV395596
14 SILICON VALLEY TAXPAYERS ASSN.,
   SILICON VALLEY PUBLIC                    **CITY OF SAN JOSE'S OPPOSITION**
15 ACCOUNTABILTY FOUNDATION, JIM            **TO EX PARTE APPLICATION FOR**
   BARRY, and GEORGE ARRINGTON,            **ORDER APPROVING PUBLICATION**
16                                          **OF SUMMONS**
                  Plaintiff(s),
17                                          Date: TBD
          v.                                Time: TBD
18                                          Dept. 20
   CITY OF SAN JOSE, and ALL PERSONS        Judge: Hon. Socrates P. Manoukian
19 INTERESTED in the matter of San Jose
   Ordinance No. 30716, establishing an Annual
20 Gun Har Reduction Fee,                   Trial Date:  Not Assigned

21                Defendant(s).             **TELEPHONE APPEARANCE**

22

23

24

25

26

27

|                                                                                 | 1 |                                      |
|---------------------------------------------------------------------------------|---|--------------------------------------|
| **CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS** |   | Case Number:  **22CV395596**         |

## I.  INTRODUCTION

Defendant CITY OF SAN JOSE ("City") opposes Plaintiffs' *Ex Parte* Application for an Order Approving Publication of Summons and requests a hearing. The City's request is made on the basis that Plaintiffs' application fails to make the necessary affirmative factual showing of a statutory basis of granting relief *ex parte* under California Rule of Court 3.1202(c). Plaintiffs fail to articulate the necessary statutory basis for the court's invocation of *in rem* jurisdiction, an obligatory precursor to the court ordering service by publication under California Code of Civil Procedure section 860. That is because Ordinance No. 30716, the San Jose Gun Harm Reduction Ordinance ("Ordinance"), is not the appropriate subject of a reverse validation action. Plaintiff's citations to Government Code sections 50077.5 and 53511 are inapposite as the Ordinance contains no "special tax" as approved by the voters as required by section 50077.5, nor a "bond, warrant, contract, obligation or evidence of indebtedness" as enumerated in section 53511. For these reasons, and for those set out in further detail below, Plaintiff's *ex parte* application must be denied.

## II.  FACTUAL HISTORY

On February 8, 2022, the San Jose City Council adopted a first in the nation law requiring gun owners to purchase liability insurance and to invest funds generated from fees paid by owners into evidence-based initiatives to reduce gun violence and gun harm. (City of San Jose's Request for Judicial Notice ("RJN"), Ex. 1.)

The Ordinance was based on findings of the impact of firearm injuries on the community. These findings included but were not limited to the following: that firearm injuries have a significant adverse public health and safety impact nationally; in the State of California, and locally, that between 2010-2014 in Santa Clara County, thirty-one percent of emergency department visits and sixteen percent of hospitalizations from firearms injuries were due to unintentional shootings; that access to firearms within the home doubles the risk that family members will become a victim of homicide, and triples the risk of suicide, and more. (RJN, Ex. 1, pp. 5-7, § 10.32.200.)

| CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number:  22CV395596 |
|---|---|

1       The Ordinance requires that gun owners who reside in the City or possess a firearm in the City

2   purchase and maintain a renter's or homeowners' gun liability insurance policy. (See *Id.* at p. 7.) The

3   Ordinance contains an Annual Gun Harm Reduction Fee ("Fee"). (*Id.* at p. 8.) The Fee requires that gun

4   owners who reside or possess a firearm in the City pay an annual Fee to a to-be-designated nonprofit

5   each year which will be used by the nonprofit to provide services to residents of the City that own or

6   possess a firearm in the City or to members of their household. (*Id.* at pp. 8-9.) These expenditures may

7   include suicide prevention programs, violence reduction or domestic violence services or programs,

8   mental health services related to gun violence, or firearms safety education and training. (*Id.* at p. 9.) The

9   Fee will be set forth in the schedule of fees and charges established by resolution of the City Council.

10  (*Id.* at p. 8.) Neither the amount of the annual Fee nor the date by which payment will be required has

11  been set. (*Id.*)

12      The Ordinance additionally grants the City Manager the authority to promulgate all regulations

13  necessary to implement the requirements of the Ordinance, including but not limited to, the eventual

14  designation of the nonprofit organization that will receive the Fee. (*Id.* at p. 11, § 10.32.235.) The

15  Ordinance shall become effective at the expiration of one hundred eighty days after its adoption. (*Id.* at

16  p. 13.) The Ordinance also contains a severability clause. (*Id.*).

17      **III.    LEGAL STANDARD**

18      A validation action is a lawsuit filed and prosecuted for the purpose of securing a judgment

19  determining the validity of a particular government action or act. (See *Blue v. City of Los Angeles* (2006)

20  137 Cal. App. 4th 1131, 1135, fn. 4.) California Code of Civil Procedure sections 860 through 870.5

21  govern validation actions. Section 860 states the following:

22          A public agency may upon the existence of any matter which under any other laws

23          authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring

24          an action in the superior court of the county in which the principal office of the public

25          agency is located to determine the validity of such matter. The action shall be in the

26          nature of a proceeding in rem. (Cal. Proc. Code § 860.)

27

3

| CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number:  22CV395596 |
|---|---|

1    Section 863 authorizes "interested parties", in a so called "reverse validation action", to determine

2 the validity of a particular agency decision or action. (Cal. Proc. Code § 863.) The validation statutes

3 require an interested party to bring a reverse validation action within 60-days of the particular agency

4 decision or action. (See *Id.*; see also Cal. Proc. Code § 860.) A central theme in the validation procedures

5 is the speedy determination of the validity of the public agency's decision or act in a single dispositive

6 final judgment, to promptly settle all questions about the validity of the agency's decision or act. (See

7 *Davis v. Fresno Unified School District* (2020), 57 Cal. App. 5th 911, 928.)

8    However, not all acts or transactions of a public agency are subject to validation. (*Id.*) Section 860

9 does not specifically enumerate the actions which are subject to the validation process. Rather, courts

10 must examine other statutes, and cases examining those statutes, to determine the scope of agency

11 decisions and acts that are subject to validation under the validation statute. (*Id.*) California has over 200

12 statutes that provide validation proceedings, most of which are found in the Government Code and the

13 Water Code. (See *Kaatz v. City of Seaside* (2006), 143 Cal. App. 4th 13, 19.) As such, an interested party

14 in a reverse validation suit is required to articulate the specific statutory provision authorizing the use of

15 validation proceedings over the agency decision or action.

16                      **IV.    ARGUMENT**

17 **A.    PLAINTIFFS' *EX PARTE* APPLICATION FOR PUBLICATION FAILS TO ESTABLISH
         THE NECESSARY STATUTORY BASIS FOR THE COURT'S INVOCATION OF *IN***

18 ***REM* JURISDICTION OVER THE ORDINANCE**

19    Validation actions are in rem proceedings. (See Cal. Proc. Code § 860.) The California Supreme

20 Court has held that *in rem* jurisdiction only attaches if: (1) the court "has the authority to determine the

21 subject matter of the controversy"; and (2) the court "has jurisdiction over the thing proceeding against

22 as a defendant." (*Santa Clarita Organization for Planning & Environment v. Castaic Lake Water Agency*

23 (2016), 1 Cal. App. 5th 1084, 1100-1101 citing *Kearney v. Kearney* (1887) 72 Cal. 591, 594 (emphasis

24 added).) This framework applies to validation actions as well. (See *Id.*) As such, there is subject matter

25 jurisdiction to entertain a validation proceeding only if there is a statutory basis for that jurisdiction and

26 if the party seeking to invoke the validation procedures subsequently perfects that jurisdiction by

27

4

| CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number:  22CV395596 |
|---|---|

1  providing the proper type of constructive notice. (See *Id.*, citing *San Diegans for Open Government v.*

2  *City of San Diego* (2015) 242 Cal. App. 4th 416, 428 [failure to publish summons in accordance with

3  statutory procedures deprives the court of jurisdiction, which deprives the court of the power to rule upon

4  the matter.].)

5    Constructive notice alone is not enough to confer subject matter jurisdiction. (See *Id.* at 1101.)

6  As the appeals court stated in *Santa Clarita Org. for Planning & Environment*:

7      If [constructive notice alone] were [enough], a party could compel a court to issue

8      validation ruling merely by giving constructive notice of its complaint, even if its

9      complaint fell outside of any validation statute; such rogue validation actions would

10      eviscerate the legislature's careful effort to specifically delimit when these proceedings

11      are applicable.

12  (See *Id.*)[1]

13  **B. GOVERNMENT CODE SECTION 50077.5 DOES NOT APPLY**

14    Plaintiff cites to Government Code section 50077.5 in support of their argument that the ordinance

15  contains a "special tax" requiring the Plaintiffs to bring their action via the validation statute. (See

16  Plaintiffs' *Ex Parte* Application and Memorandum of Points and Authorities (hereinafter "Plaintiffs' *Ex*

17  *Parte* MPA"), p. 5, ln. 12-16). Disturbingly, in citing the statute, Plaintiffs omit key language. The

18  language of section 50077.5 subsection (a) is reproduced here in full without recourse to misleading

19  ellipses. It states the following:

20      Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil

21      Procedure applies to any judicial action or proceeding to validate, attack, review,

22      set aside, void, or annul an ordinance or resolution **approved by the voters**

23

---

24  [1] That is exactly what Plaintiffs attempt to do here. Plaintiffs' articulation of Government Code sections

25  53511 and 50077.5 fails to confer subject matter jurisdiction on this Court as the Ordinance does not contain a "special tax" under section 50077.5 nor a "contract" as required under section 53511. As

26  such, this Court has no authority to rule on this matter subject to the validation procedures, nor the authority to order service by publication under section 863.

27

5

| CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number: 22CV395596 |
| --- | --- |

1       **pursuant to this article** on or after January 1, 1986, that leaves a special tax, or

2       modifies or amends an existing ordinance or resolution that levies a special tax.

3 (Gov't Code § 50077.5(a)).

4      Section 50077.5 requires further context. This section is a provision in Article 3.5 of Chapter 1,

5 Part 1, Division 1, Title 5 of the Government Code. Article 3.5 is comprised of Government Code sections

6 50075 through 50077.5, *i.e.*, the provision cited by Plaintiffs. Section 50077 addresses the content of the

7 special tax ordinance to be put to voters envisioned by Article 3.5.

8      Section 50077(a) states the following:

9       "[T]he legislative body of any city, county, or district may, following notice and

10       public hearing, propose by ordinance or resolution the adoption of a special tax.

11       The ordinance or resolution shall include the type of tax and rate of tax to be levied,

12       the method of collection, and the date upon which an election shall be held to

13       approve the levy of the tax."

14 (Cal. Gov. Code § 50077(a); (b); (c) addressing the collection of the special tax and incorporation,

15 formation and reorganization issues related to special taxes).

16      It is within this statutory context that section 50077.5 addresses the Validation Statute. For section

17 50077.5 to apply, the "special tax" must have been adopted pursuant to Government Code sections 50075

18 through 50077.5. Here, as Plaintiffs concede in a parenthetical aside, the Ordinance's proposed fee was

19 not undertaken, adopted, or implemented pursuant to those sections. Accordingly, section 50077.5 cannot

20 confer subject matter jurisdiction for validation proceedings over the Ordinance on this court. (See

21 *generally* RFJN, Exhibit 1.)

22    **C.**    **GOVERNMENT CODE SECTION 53511 DOES NOT APPLY**

23      Section 53511 specifically enumerates the actions subject to validation: "bonds, warrants, contracts,

24 obligations or evidences of indebtedness." (See Gov't Code § 53511). Plaintiffs claim that the

25 Ordinance's direction that the City Manager designate a private nonprofit organization to collect and

26

27

6

| CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number: 22CV395596 |
|---|---|

1  spend the Annual Gun Harm Reduction Fee falls under the terms of section 53511, thus requiring

2  validation. (*See* Plaintiffs' *Ex Parte* MPA, p. 5, ln. 17-23).

3      The Ordinance, only recently adopted on February 8, 2022, directs the City Manager to

4  promulgate regulations to *designate* a nonprofit to perform these tasks. This direction is in plain contrast

5  to Plaintiffs' baseless belief that a nonprofit has already been designated to perform these tasks.

6      Nevertheless, even were that not the case, the contract itself would not fall under the terms of the

7  statute. Section 53511's enumerated list is construed narrowly by the courts (*e.g.*, only contracts

8  involving an agency's financing and financial obligations fall within the statute). (See *Davis v. Fresno*

9  *Unified School Dist.* (2020) 57 Cal. App. 5th 911.)

10      *Davis* is instructive. *Davis* involved, in part, construction contracts between Fresno Unified and

11  a contractor to build new school facilities. (*Id.* at 918.) In these contracts, the school district paid for the

12  construction of buildings as they were completed (as opposed to progress payments, etc.), an alternate

13  approach which the court held could not be characterized as a method of financing the construction of

14  new school facilities. (*Id.* at 940-41). The court explained that an "ordinary construction contract" did

15  not fall under the terms of section 53511 as it did not provide the school district with any financing nor

16  spread the district's obligation to pay for the new construction over a significant period of time. (*Id.* at

17  941.) Even though the school district would pay the contractor with proceeds obtained from the sale of

18  bonds, the Contractor was not a source of financing for the project. (*Id.*) As such, the use of bond funds

19  did not support the plaintiff's conclusion that the contracts were in the nature or directly related to a

20  public agency's bonds or other evidences of indebtedness. (*Id.*)

21      Accordingly, for section 53511 to apply to confer subject matter jurisdiction for a validation

22  action, the statute requires that the contracts be more than just simple service agreements. Rather, they

23  must be "directly related to a public agency's bonds or other evidences of indebtedness" for the statute

24  to apply. (See generally, *Id.*)

25      Here, the Ordinance authorizes the City Manager to promulgate regulations necessary to

26  implement the "designation of the nonprofit organization that will receive the Gun Harm Reduction Fee,

27

7

| CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number: 22CV395596 |
| --- | --- |

any processes and procedures related to the payment of thee fee, and any additional guidelines or auditing the use of the monies from the fee." (RFJN, Exhibit 1, § 10.32.235(A)(2).) There is no indication in the language of the Ordinance, nor have Plaintiffs advanced any argument thereon, that this designation constitutes a contract directly related to a public agency's bonds or other evidences of indebtedness. Consequently, section 53511 cannot confer subject matter jurisdiction for validation proceedings over the Ordinance on this court.

## V.   CONCLUSION

Plaintiffs fail to make the necessary showing under California Rule of Court 3.1202(c) of an initial statutory basis for invoking the validation procedures entitling them to proceed with service by publication. Consequently, this court has no authority to rule on the Ordinance under the validation procedures, nor the authority to order service by publication. Since the necessary initial statutory basis to confer *in rem* jurisdiction upon this court does not exist Plaintiff's *ex parte* request for service by publication must be denied.

Respectfully submitted,

Dated:  March 21, 2022

COTCHETT, PITRE & McCARTHY, LLP

By: _____

Joseph W. Cotchett
Tamarah P. Prevost
Melissa Montenegro

Attorneys for CITY OF SAN JOSE

8

| CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number:  22CV395596 |
|---|---|

## PROOF OF SERVICE

CASE NAME:     HOWARD JARVIS TAXPAYERS ASSN., et al., v. CITY OF SAN JOSE

CASE NO.:     22CV395596

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On March 21, 2022, I caused to be served the within:

**CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS**

☐  by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐  by PERSONAL DELIVERY, with a copy of this declaration, by causing to be personally delivered a true copy thereof to the person at the address set forth below.

☐  by FACSIMILE TRANSMISSION, with a copy of this declaration, to a facsimile machine at the facsimile machine telephone number listed below.

The above-described transmission was reported as complete without error by a transmission report issued by the facsimile machine immediately following the transmission.

☐  by ELECTRONIC SERVICE listed below, transmitted using the One Legal Process Service electronic filing system. The document(s) listed above was/were electronically served to the electronic address(s) below

☒  by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on          March 21, 2022, before 5:30 p.m., and that the City of San Jose, City Attorney's electronic address is CAO.Main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

☐  by EXPRESS MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

9

| CITY OF SAN JOSE'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number: 22CV395596 |
| --- | --- |

1    I further declare that I am readily familiar with the business' practice for collection and processing
     of correspondence for mailing with the United States Postal Service. Said correspondence would
2    be deposited with the United States Postal Service that same day in the ordinary course of
     business.

3    ☐   by OVERNIGHT DELIVERY, with a copy of this declaration, by depositing them into a sealed
         envelope/package, with delivery fees fully prepaid/provided for, and

4
         ☐   causing the envelope/package to be deposited for collection
5        ☐   causing the envelope/package to be delivered to an authorized courier or driver to
             receive the envelope/package

6    designated by the express service carrier for next day delivery.

7    I further declare that I am readily familiar with the business' practice for collection and processing
     of correspondence for overnight delivery by an express courier service. Such correspondence
8    would be deposited with the express service or delivered to the authorized express service
     courier/driver to receive an envelope/package for the express service that same day in the ordinary
9    course of business.

10   Addressed as follows:

11

12   | Jonathan M. Coupal                         |   |
     | Timothy A. Bittle                          |   |
13   | Laura A. Dougherty                         |   |
     | Howard Jarvis Taxpayers Foundation         |   |
14   | 921 Eleventh Street, Suite 1201            |   |
     | Sacramento, CA  95814                      |   |
15   | Tel: (916) 444-9950                        |   |
     | Email: tim@hjta.org                        |   |
16   |                                            |   |
     | ***Attorneys for Plaintiffs Howard Jarvis  |   |
17   | Taxpers Assn., Silicon Valley Taxpayers     |   |
     | Assn., Silicon Valley Public Accountability |   |
18   | Foundation, Jim Barry, and George          |   |
     | Arrington***                               |   |

19       I declare under penalty of perjury under the laws of the State of California that the foregoing is
20   true and correct. Executed on March 21, 2022, at San Jose, California.

21

22                                    *Brian Ward*
                                      Brian Ward
23

24

25

26

27                                              10

| CITY OF SAN JOSE'S OPPOSITION TO EX   | Case Number:  22CV395596 |
| PARTE APPLICATION FOR ORDER           |                          |
| APPROVING PUBLICATION OF SUMMONS      |                          |

1  Joseph W. Cotchett (SBN 36324)
   Tamarah P. Prevost (SBN 313422)
2  Melissa Montenegro (SBN 329099)
   **COTCHETT, PITRE & McCARTHY, LLP**
3  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
4  Burlingame, CA 94010
   Telephone: (650) 697-6000
5  Facsimile: (650) 697-0577
   jcotchett@cpmlegal.com
6  tprevost@cpmlegal.com
   mmontenegro@cpmlegal.com
7
   Attorneys for CITY OF SAN JOSE
8

**F I L E D**

**MAR 22 2022**

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _K. Sandoval_ DEPUTY

9

10                 **SUPERIOR COURT OF CALIFORNIA**

11          **IN AND FOR THE COUNTY OF SANTA CLARA**

12                     **UNLIMITED JURISDICTION**

13

| | |
|---|---|
| 14  HOWARD JARVIS TAXPAYERS ASSN., SILICON VALLEY TAXPAYERS ASSN., SILICON VALLEY PUBLIC ACCOUNTABILTY FOUNDATION, JIM BARRY, and GEORGE ARRINGTON,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF SAN JOSE, and ALL PERSONS INTERESTED in the matter of San Jose Ordinance No. 30716, establishing an Annual Gun Har Reduction Fee,<br><br>Defendant(s). | Case Number: 22CV395596<br><br>**CITY OF SAN JOSE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS**<br><br>Date: TBD<br>Time: TBD<br>Dept. 20<br>Judge: Hon. Socrates P. Manoukian<br><br>Trial Date: Not Assigned<br><br>**TELEPHONE APPEARANCE** |

15

16

17

18

19

20

21

22

23

24

25

26

27

1

| CITY OF SAN JOSE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number: 22CV395596 |
|---|---|

1    Pursuant to California Evidence Code sections 452, and 453, and California Rules of Court

2    3.1306(c), Defendant City of San Jose ("City") respectfully requests that the Court take judicial notice

3    of the following documents attached hereto.

4        1.    Ordinance No. 30716, "An Ordinance of the City of San Jose Adding Part 6 to Chapter

5    10.32 of Title 10 of the San Jose Municipal Code To reduce Gun Harm By Requiring Gun Owners to

6    Obtain and Maintain Liability Insurance and Establishment of Annual Gun Harm Reduction Fee." A

7    true and correct copy of this certified document is attached hereto as Exhibit 1. The Ordinance is the

8    proper subject of judicial notice under Evidence Code section 452(b), which provides that the Court

9    may take judicial notice of legislative enactments issued by any public entity in the United States.

10

11

12                                                      Respectfully submitted,

13    Dated: March 21, 2022                              COTCHETT, PITRE & McCARTHY, LLP

14                                                       By: _____

15                                                          Joseph W. Cotchett
                                                            Tamarah P. Prevost
16                                                          Melissa Montenegro

17                                                       Attorneys for CITY OF SAN JOSE

18

19

20

21

22

23

24

25

26

27

2

| CITY OF SAN JOSE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number: 22CV395596 |
| --- | --- |

# CITY OF SAN JOSÉ, CALIFORNIA

**Office of the City Clerk**
**200 East Santa Clara Street**
**San José, California 95113**
**Telephone (408) 535-1260**
**FAX (408) 292-6207**

**City Clerk**

STATE OF CALIFORNIA)
COUNTY OF SANTA CLARA)
CITY OF SAN JOSE)

    I, Toni J. Taber, City Clerk & Ex-Officio Clerk of the Council of and for the City of San Jose, in said County of Santa Clara, and State of California, do hereby certify that **"Ordinance No. 30716"**, the original copy of which is attached hereto, was passed for publication of title on the **25th day of January, 2022,** was published in accordance with the provisions of the Charter of the City of San Jose, and was given final reading and adopted on the **8th day of February, 2022, with a bifurcated vote as follows:**

**Including Insurance Requirements; Excluding Sections 10.32.215, 10.32.220, and 10.32.230(b)**

AYES:    ARENAS, CARRASCO, ESPARZA, COHEN, FOLEY, JONES, JIMENEZ, MAHAN, PERALEZ, LICCARDO.

NOES:    DAVIS.

ABSENT:    NONE.

DISQUALIFIED:  NONE.

**Excluding Insurance Requirements; Sections 10.32.215, 10.32.220, and 10.32.230(b) only:**

AYES:    ARENAS, CARRASCO, COHEN, ESPARZA, JONES, JIMENEZ, PERALEZ, LICCARDO.

NOES:    DAVIS, FOLEY, MAHAN.

ABSENT:    NONE.
DISQUALIFIED:    NONE.

Said Ordinance is effective as of the **11th day of March, 2022.**

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of the City of San Jose, this **8th Day of February, 2022.**

(SEAL)_____

/rmk

TONI J. TABER, CMC
CITY CLERK & EX-OFFICIO
CLERK OF THE CITY COUNCIL

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

### ORDINANCE NO. 30716

**AN ORDINANCE OF THE CITY OF SAN JOSE ADDING PART 6 TO CHAPTER 10.32 OF TITLE 10 OF THE SAN JOSE MUNICIPAL CODE TO REDUCE GUN HARM BY REQUIRING GUN OWNERS TO OBTAIN AND MAINTAIN LIABILITY INSURANCE AND ESTABLISHMENT OF ANNUAL GUN HARM REDUCTION FEE**

**WHEREAS,** the Constitution of the United States of America affords certain protections to the ownership of firearms; and

**WHEREAS,** the United States Supreme Court has recognized that the Constitutional protections related to firearms ownership are not unlimited, and can be subject to certain types of governmental regulations; and

**WHEREAS,** a city's police power includes the power to regulate firearms and many courts throughout the nation have upheld local regulations related to the ownership or possession of firearms; and

**WHEREAS,** firearm injuries have a significant adverse public health and safety impact nationally, in the State of California, and locally; and

**WHEREAS,** each year more than 23,000 United States residents die by firearm suicide, 14,000 die by firearm homicide, and nearly 500 die from unintentional firearm injuries; and

**WHEREAS,** in California, between 2005 and 2015, nearly 4,000 children and teenagers were killed or injured with firearms, and 533 children and teenagers committed suicide with firearms, according to data from the Center for Disease Control and Prevention; and

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

**WHEREAS,** the Santa Clara County Public Health Department issued a report on firearm injuries in April 2018.  In 2016, 11% of injury deaths were due to firearms injuries.  During the period 2007-2016, there were an average of 46 deaths per year due to self-inflicted/suicide from firearms injuries, and an average of 28 deaths per year due to assault/homicide from firearms injuries.  Self-inflicted/suicide accounted for the highest percentage of deaths (59%) from firearms injuries, with assault/homicide accounting for 36% of deaths from firearm injuries; and

**WHEREAS,** the April 2018 Santa Clara County Public Health Department report on firearm injuries reported that during the period from 2010-2014, there were an annual average of 28 emergency department visits and 12 hospitalizations due to unintentional firearms injuries.  During 2010-2014, 31% of emergency department visits and 16% of hospitalizations from firearms injuries were due to unintentional shootings; and

**WHEREAS,** research published in the American Journal of Epidemiology in 2004 found that regardless of storage practice, type of gun, or number of firearms in the home, having a gun in the home was associated with an increased risk of firearm homicide and firearm suicide in the home; and

**WHEREAS,** a 2014 review in the Annals of Internal Medicine suggests that access to firearms within the home doubles the risk that family members will become a victim of homicide, and triples the risk of suicide; and

**WHEREAS,** a study in the New England Journal of Medicine in 2020 found that handgun ownership is associated with eight times greater likelihood for firearm suicide among men, and 35 times greater likelihood of firearm suicide among women; and

**WHEREAS,** according to the American Academy of Pediatrics, in homes with guns, suicide rates in children and adolescents and the likelihood of accidental death by shooting are each four times higher than in homes without guns; and

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

**WHEREAS,** in the past decade, 40% of the suicides committed by children and teens involved guns, and 90% of these suicides were with guns that the victims accessed at their own homes or from a relative's home; and

**WHEREAS,** 58% of shooting deaths in children and teens are homicides, and the risk of homicide is three times higher when there are guns in the home; and

**WHEREAS,** a June 2014 report published by Everytown for Gun Safety and Moms Demand Action which analyzed publicly reported gun deaths nation-wide over a one-year period from December 15, 2012 to December 12, 2013, showed that at least 100 children were killed in unintentional shootings, amounting to nearly two each week; and

**WHEREAS,** according to research published in Social Science and Medicine in 2007 based on data over a three-year study period from 2001 to 2003, states with higher rates of household firearm ownership had higher rates of firearm homicide but not of non-firearm homicide, and this relationship held across gender, age, income and multiple other variables; and

**WHEREAS,** a study in the Journal of Urban Health conducted in 2015 estimated there are as many as 4.6 million children in the United States living in homes with loaded unsecured guns; and

**WHEREAS,** injuries from unintentional shootings, which are generally insurable, comprise more than a third of all gun-related injuries nationally; and

**WHEREAS,** in some instances, gun owners have been successfully sued for harm resulting from the use of the owner's firearm by themselves or a third party; and

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

**WHEREAS,** auto insurers have used risk-adjusted premiums to reward good driving and incentivize use of airbags and other safety features, and by using a comprehensive public health approach to car safety the United States reduced per-mile auto fatalities by nearly 80% from 1967 to 2017; and

**WHEREAS,** similarly, insurance-based mechanisms can encourage firearm owners to take safety classes, use gun safes, install trigger locks, or utilize chamber-load indicators, and according to 2018 research published in The Actuary there is evidence that some actuaries and insurance companies are recognizing firearm-related risk through their product offerings, pricing and underwriting decisions; and

**WHEREAS,** pursuant to the provisions and requirements of the California Environmental Quality Act of 1970, together with related State CEQA Guidelines and Title 21 of the San José Municipal Code (collectively, "CEQA"), the Director of Planning, Building and Code Enforcement has determined that the provisions of this Ordinance do not constitute a project, under File No. PP17-008 (General Procedure & Policy Making resulting in no changes to the physical environment); and

**WHEREAS,** the City Council of the City of San José is the decision-making body for this Ordinance; and

**WHEREAS,** this Council has reviewed and considered the "not a project" determination under CEQA prior to taking any approval actions on this Ordinance;

**NOW, THEREFORE,** BE IT ORDAINED BY THE COUNCIL OF THE CITY OF SAN JOSE:

**SECTION 1.**  Chapter 10.32 of Title 10 of the San José Municipal Code is hereby amended by adding a Part to be numbered, entitled and to read as follows:

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

## Part 6

## REDUCTION OF GUN HARM – LIABILITY INSURANCE REQUIREMENT AND GUN HARM REDUCTION FEE

### 10.32.200 Purpose and Findings

A.    This Part is passed and adopted in the exercise of the police power of the City, and for the protection of the welfare, peace and comfort of the residents of the City of San José.  Specifically, it is the intent of this Ordinance to reduce gun harm.

B.    Findings:

1.    Firearm injuries have a significant adverse public health and safety impact nationally, in the State of California, and locally; and

2.    Each year more than twenty-three thousand (23,000) United States residents die by firearm suicide, fourteen thousand (14,000) die by firearm homicide, and nearly five hundred (500) die from unintentional firearm injuries; and

3.    In California, between 2005 and 2015, nearly four thousand (4,000) children and teenagers were killed or injured with firearms, and five hundred thirty-three (533) children and teenagers committed suicide with firearms, according to data from the Center for Disease Control and Prevention; and

4.    During 2010-2014 in Santa Clara County, thirty-one percent (31%) of emergency department visits and sixteen percent (16%) of

Council Agenda: 1-25-2022
Item Number: 4.1

5

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

hospitalizations from firearms injuries were due to unintentional shootings; and

5.  A 2014 review in the Annals of Internal Medicine suggests that access to firearms within the home doubles the risk that family members will become a victim of homicide, and triples the risk of suicide; and

6.  A study in the New England Journal of Medicine in 2020 found that handgun ownership is associated with eight (8) times greater likelihood for firearm suicide among men, and thirty-five (35) times greater likelihood of firearm suicide among women; and

7.  Based upon a November 2021 analysis by Dr. Ted Miller, Ph.D. and the Pacific for Institute Research and Evaluation (PIRE), on average, 206 people suffer death or serious injury from gunshots each year in the City of San José; and

8.  Conservatively, San José taxpayers annually spend approximately $39.7 million, or approximately $151 per firearm-owning household, to respond to gun violence with such public services as emergency police and medical response, victim assistance, incident investigation, acute and long-term health care, and perpetrator adjudication and judicial sanctioning; and

9.  Including private costs to individuals and families in the calculation, San José residents incur an annual financial burden of $442 million per year for gun deaths and injuries; and

10. Injuries from unintentional shootings, which are generally insurable, comprise more than a third of all gun-related injuries nationally; and

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

11.   Auto insurers have used risk-adjusted premiums to reward good driving and incentivize use of airbags and other safety features, and by using a comprehensive public health approach to car safety the United States reduced per-mile auto fatalities by nearly eighty percent (80%) from 1967 to 2017; and

12.   Liability insurance can reduce the number of gun incidents by encouraging safer behavior and it can also provide coverage for losses and damages related to gun incidents; and

13.   Programs and services to gun owners and their households can also encourage safer behavior, and provide education and resources to those residents.

## 10.32.205  Definitions

As used in this Part, the following terms have the following meaning:

A.   "Firearm" means a device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of an explosion or other form of combustion.  Firearm does not include antique firearms as defined by 18 U.S.C. Section 921(a).

B.   "Designated Nonprofit Organization" means an entity that qualifies as a nonprofit corporation under the federal internal revenue code and is designated pursuant to the City Manager's authority under Section 10.32.235. No City official or employee shall sit on the board of directors of the Designated Nonprofit Organization.

## 10.32.210  Liability Insurance Required

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

A.  Insurance required.  A person who resides in the City and owns or possesses a Firearm in the City shall obtain and continuously maintain in full force and effect a homeowner's, renter's or gun liability insurance policy from an admitted insurer or insurer as defined by the California Insurance Code, specifically covering losses or damages resulting from any accidental use of the Firearm, including but not limited to death, injury or property damage.

B.  For purposes of this Section, a person shall be deemed to be the owner of a Firearm if such Firearm is lost or stolen until such loss or theft is reported to the police department or sheriff which has jurisdiction in which such Firearm owner resides.

C.  Any person who owns a Firearm on the effective date of this Section shall obtain the insurance required by this Section within thirty (30) days of the effective date of this Ordinance, or by a later date certain established in the regulations promulgated by City Manager pursuant to Section 10.32.235.

**10.32.215  Annual Gun Harm Reduction Fee**

A person who resides in the City and owns or possesses a Firearm in the City shall pay an Annual Gun Harm Reduction Fee to the Designated Nonprofit Organization each year.  The date by which payment shall be made annually shall be established in the regulations promulgated by City Manager pursuant to Section 10.32.235. The annual fee will be set forth in the schedule of fees and charges established by resolution of the City Council.

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

## 10.32.220  Expenditure of Gun Harm Reduction Fee

A.  All monies from the Gun Harm Reduction Fee shall be expended by the Designated Nonprofit Organization on providing services to residents of the City that own or possess a Firearm in the City, to members of their household, or to those with whom they have a close familial or intimate relationship.  Such expenditures may include, but are not necessarily limited to the following:

    1.  Suicide prevention services or programs;

    2.  Violence reduction or gender based violence services or programs;

    3.  Addiction intervention and substance abuse treatment;

    4.  Mental health services related to gun violence; or

    5.  Firearms safety education or training.

B.  No portion of the monies from the Gun Harm Reduction Fee shall be used for litigation, political advocacy, or lobbying activities.

C.  The Designated Nonprofit Organization shall spend every dollar generated from the Gun Harm Reduction Fee, minus administrative expenses, exclusively for programs and initiatives designed to (a) reduce the risk or likelihood of harm from the use of firearms in the City of San José, and (b) mitigate the risk of physical harm or financial, civil, or criminal liability that a San José firearm owner or her family will incur through her possession of firearms. Otherwise, the City shall not specifically direct how the monies from the Gun Harm Reduction Fee are expended.

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

D.   The designated non-profit shall provide a biannual report to an appropriate council committee and the report may also be provided to the City Council, as directed by the council committee.

**10.32.225 <u>Exceptions</u>**

The provisions of this Part shall not apply to any of the following:

A.   Those persons designated as peace officers pursuant to Chapter 4.5 of Title 3 of Part 2 of the California Penal Code (§830 et seq.), including sworn peace officers, active reserve peace officers and retired peace officers.

B.   Those persons who have a license to carry a concealed weapon issued pursuant to California Penal Code § 26150 or § 26155, for as long as these statutes are legally enforceable.

C.   Those persons for which compliance with this Part would create a financial hardship.

**10.32.230 <u>Compliance</u>**

A.   Insurance requirement.  Each person required to obtain and maintain insurance under Section 10.32.210 shall demonstrate compliance with the insurance requirement by completing and executing a City-designated attestation form. Each such person shall state both the name of the insurance company issuing the policy and the number of the insurance policy on the attestation form, sign the form under penalty of perjury and keep the attestation form with the Firearms where they are being stored or transported.  Each person shall complete and sign a new attestation form under penalty of perjury in the event any of the information on the form changes.  Each person shall present the form when

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

lawfully requested to do so by a peace officer who knows or has reason to believe that a person possesses a firearm.

B.      Fee provisions.  Each person shall affix proof of payment of the annual Gun Harm Reduction Fee to the attestation form and keep it with the Firearm or Firearms where they are being stored or transported.

## 10.32.235 <u>Authority of the City Manager</u>

A.      The City Manager is authorized to promulgate all regulations necessary to implement the requirements and fulfill the policies of this Part relating to the reduction of gun harm, including, but not limited, to the following subjects:

1.      Processes and procedures related to the implementation of the liability insurance requirement, and forms necessary thereto.

2.      Designation of the nonprofit organization that will receive the Gun Harm Reduction Fee, any processes and procedures related to the payment of the fee, and any additional guidelines or auditing of the use of the monies from the fee.

3.      Designation of any third-party agency and/or organization that will aid in the implementation of the noticing of the requirements of this Part or any other administrative tasks related to the requirements of this Part.

4.      The criteria by which a person can claim a financial hardship exemption from this Part pursuant to Section 10.32.225.C.

B.      Regulations shall be published on the City's website.

NVF:TLC:KML
2/3/2022

C.    Regulations promulgated by the City Manager shall have the same force and effect of law.  Unless a later date is specified in a regulation, a regulation shall become effective upon date of publication.

## 10.32.240  Enforcement

A.    Any violation of this Part shall be punishable by an administrative citation in accordance with the procedures set forth in Chapter 1.15 of Title 1 of this Code relating to the issuance of administrative citations, imposing of administrative fines, right to appeal, and the right to an administrative hearing.

B.    The amounts of the fines for violations imposed pursuant to this Part shall be set forth in the schedule of fines established by resolution of the City Council.

C.    A violation of this Part is also enforceable through all other civil and administrative remedies available to the City.

## 10.32.245  Impoundment

To the extent allowed by law, the Firearm or Firearms of a person that is not in compliance with this Part may be impounded subject to a due process hearing.

## 10.32.250  Fees and Charges

The City Manager is hereby authorized to charge and collect any and all cost recovery fees associated with fulfilling the policies of this Part relating to the reduction of gun harm, including any associated third-party costs.  All fees shall be as set forth in the schedule of fees and charges established by resolution of the City Council.

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

**SECTION 2.**  This Ordinance shall become effective at the expiration of one hundred eighty (180) days after its adoption.

**SECTION 3.**  Consistent with Section 1.04.160 of the San José Municipal Code, should any provision of this Ordinance or its application to any person or circumstance be determined by a court of competent jurisdiction to be unlawful, unenforceable or otherwise void, that determination shall have no effect on any other provision of this Ordinance or the application of this Ordinance to any other person or circumstance and, to that end, the provisions hereof are severable.

**SECTION 4.**  The City Council of the City of San José takes action on this Ordinance based upon the totality of the administrative record including the facts stated above, the facts stated in the memorandums to the City Council for the January 25, 2022 City Council Meeting, as well as any oral or written testimony at the January 25, 2022 City Council meeting.

NVF:TLC:KML
2/3/2022

ORD. NO. 30716

**PASSED FOR PUBLICATION of title this 25th day of January, 2022, by the following bifurcated vote:**
Including Insurance Requirements; Excluding Sections 10.32.215, 10.32.220, and 10.32.230(b)

|  | |
|---|---|
| AYES: | ARENAS, CARRASCO, COHEN, ESPARZA, FOLEY, JONES, JIMENEZ, MAHAN, PERALEZ, LICCARDO. |
| NOES: | DAVIS. |
| ABSENT: | NONE. |
| DISQUALIFIED: | NONE. |

**PASSED FOR PUBLICATION of title this 25th day of January, 2022, by the following bifurcated vote:**
Excluding Insurance Requirements; Sections 10.32.215, 10.32.220, and 10.32.230(b) only:

|  | |
|---|---|
| AYES: | ARENAS, CARRASCO, COHEN, ESPARZA, JONES, JIMENEZ, PERALEZ, LICCARDO. |
| NOES: | DAVIS, FOLEY, MAHAN. |
| ABSENT: | NONE. |
| DISQUALIFIED: | NONE. |

SAM LICCARDO
Mayor

ATTEST:

TONI J. TABER, CMC
City Clerk

T-887.014.004\1894578
Council Agenda: 1-25-2022
Item Number: 4.1

14

## PROOF OF SERVICE

CASE NAME:    HOWARD JARVIS TAXPAYERS ASSN., et al.,v. CITY OF SAN JOSE

CASE NO.:    22CV395596

    I, the undersigned declare as follows:

    I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

    On March 21, 2022, I caused to be served the within:

**CITY OF SAN JOSE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS**

☐  by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

    I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐  by PERSONAL DELIVERY, with a copy of this declaration, by causing to be personally delivered a true copy thereof to the person at the address set forth below.

☐  by FACSIMILE TRANSMISSION, with a copy of this declaration, to a facsimile machine at the facsimile machine telephone number listed below.

    The above-described transmission was reported as complete without error by a transmission report issued by the facsimile machine immediately following the transmission.

☐  by ELECTRONIC SERVICE listed below, transmitted using the One Legal Process Service electronic filing system. The document(s) listed above was/were electronically served to the electronic address(s) below

☒  by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

    I further declare that the electronic transmission was sent on     March 21, 2022, before 5:30 p.m., and that the City of San Jose, City Attorney's electronic address is CAO.Main@sanjoseca.gov.

    The above-described transmission was reported as sent by a transmission report available for printing from the computer.

3

| CITY OF SAN JOSE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number: 22CV395596 |
|---|---|

1 ☐ by EXPRESS MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

2

3 I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of

4 business.

5 ☐ by OVERNIGHT DELIVERY, with a copy of this declaration, by depositing them into a sealed envelope/package, with delivery fees fully prepaid/provided for, and

6

7 ☐ causing the envelope/package to be deposited for collection
☐ causing the envelope/package to be delivered to an authorized courier or driver to receive the envelope/package

8 designated by the express service carrier for next day delivery.

9

10 I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for overnight delivery by an express courier service. Such correspondence would be deposited with the express service or delivered to the authorized express service

11 courier/driver to receive an envelope/package for the express service that same day in the ordinary course of business.

12 Addressed as follows:

13

14 | Jonathan M. Coupal |  |
| Timothy A. Bittle |  |
| Laura A. Dougherty |  |
| Howard Jarvis Taxpayers Foundation |  |
| 921 Eleventh Street, Suite 1201 |  |
| Sacramento, CA 95814 |  |
| Tel: (916) 444-9950 |  |
| Email: tim@hjta.org |  |
|  |  |
| ***Attorneys for Plaintiffs Howard Jarvis Taxpers Assn., Silicon Valley Taxpayers Assn., Silicon Valley Public Accountability Foundation, Jim Barry, and George Arrington*** |  |

15

16

17

18

19

20

21 I declare under penalty of perjury under the laws of the State of California that the foregoing is

22 true and correct. Executed on March 21, 2022, at San Jose, California.

23

24 *Brian Ward*
   Brian Ward

25

26

27

4

| CITY OF SAN JOSE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION FOR ORDER APPROVING PUBLICATION OF SUMMONS | Case Number: 22CV395596 |
| --- | --- |

MAR 23 2022

1   JONATHAN M. COUPAL, State Bar No. 107815
    TIMOTHY A. BITTLE, State Bar No. 112300
2   LAURA E. DOUGHERTY, State Bar No. 255855
    Howard Jarvis Taxpayers Foundation
3   921 Eleventh Street, Suite 1201
    Sacramento, CA 95814
4   Tel: (916) 444-9950
    Fax:(916) 444-9823
5   Email: tim@hjta.org
    Attorneys for Plaintiffs

6

7

Filed
March 25, 2022
Clerk of the Court
Superior Court of CA
County of Santa Clara
22CV395596
By: rsandoval

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                   **FOR THE COUNTY OF SANTA CLARA**

10  HOWARD JARVIS TAXPAYERS ASSN.,        )   No. 22CV395596
    SILICON VALLEY TAXPAYERS ASSN.,       )
11  SILICON VALLEY PUBLIC ACCOUNTA-       )
    BILITY FOUNDATION, JIM BARRY, and     )
12  GEORGE ARRINGTON,                     )
                                          )
13          Plaintiffs                    )   [PROPOSED] ORDER APPROVING
                                          )   PUBLICATION OF SUMMONS
14      v.                                )
                                          )
15  CITY OF SAN JOSE, and ALL PERSONS     )
    INTERESTED in the matter of San Jose  )
16  Ordinance No. 30716, establishing an  )   Department:   20
    Annual Gun Harm Reduction Fee,        )   Case Filed:   March 7, 2022
17                                        )   Trial Date:   Not Set
            Defendants                    )
18  _____  )   Calendar preference per CCP § 867

19

20

21

22

23

24

25

26

27

1

## **ORDER**

2    On the application of plaintiffs, which was considered ___24 March___, 2022,

3  in Department 20 with notice to counsel for defendant City of San Jose, the Court

4  having considered the authorities cited and good cause appearing therefor:

5    IT IS HEREBY ORDERED that plaintiffs' application for approval to publish

6  summons as to All Persons Interested in the matter of San Jose Ordinance No. 30716

7  is GRANTED AS FOLLOWS:

8    1.    Plaintiffs shall use the form of Summons attached hereto as Exhibit 1.

9    2.    Plaintiffs shall cause the Summons to be published once a week for three

10  consecutive weeks, with at least five days intervening between publication dates, in the

11  Legal Notices section of the San Jose Mercury News.

12    3.    Plaintiffs shall obtain Proof of Publication from said newspaper and file it

13  with this Court immediately thereafter, or show good cause for their failure to do so.

14    DATED: ___24 March___, 2022.

   Signed: 3/24/2022 12:38 PM

15

16

17    HON. Socrates Peter Manoukian
   JUDGE OF THE SUPERIOR COURT

18

19

20

21

22

23

24

25

26

27

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**EXHIBIT 1**

1    **SUMMONS**

2

3        **NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU**

4    **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND NOT LATER THAN  [A date**

5    **to be determined that is 10 or more days after the completion of publication of the**

6    **summons in the newspaper].   READ THE INFORMATION BELOW.**

7

8        **AVISO!   USTED HA SIDO DEMANDADO.  EL TRIBUNAL PUEDE DECIDIR**

9    **CONTRA USTED SIN AUDIENCIA A MENOS QUE USTED RESPONDA NO MÁS**

10   **TARDE QUE EL DÍA   [The date from above that is 10 or more days after the**

11   **completion of publication of the summons in the newspaper].    LEA LA**

12   **INFORMACIÓN QUE SIGUE.**

13

14       **TO ALL PERSONS INTERESTED IN THE MATTER OF CITY OF SAN JOSE**

15   **ORDINANCE NO. 30716**, ESTABLISHING AN ANNUAL GUN HARM REDUCTION FEE.

16

17       A civil complaint has been filed in California Superior Court for the County of Santa

18   Clara by Howard Jarvis Taxpayers Association and other plaintiffs against defendant City

19   of San Jose for the purpose of determining the validity of the City's Annual Gun Harm

20   Reduction Fee.

21

22       Plaintiffs allege that the new fee violates their constitutional rights of free speech

23   and association, places an unconstitutional condition on the right to bear arms, is a special

24   tax which needed 2/3 voter approval, unlawfully delegates governmental taxing power to

25   a private organization, and for these reasons is invalid.

26

27       To be heard regarding this matter, you must file with the court a written response

to the complaint by  [the date from above that is 10 or more days after the completion of publication of the summons in all newspapers].  If you do not file a timely written response with the court, plaintiffs may apply for entry of default and the relief sought by their complaint.  You may obtain a copy of the complaint by contacting plaintiffs' counsel using the address or telephone number shown below.  If you respond to defend the legality or validity of the matter, you will not be subject to punitive action such as wage garnishment or seizure of real or personal property.

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY IN ANY MATTER CONNECTED WITH THE COMPLAINT OR THIS SUMMONS. SUCH ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT YOUR PLEADING MAY BE FILED OR ENTERED WITHIN THE TIME REQUIRED BY THIS SUMMONS.**

**PUEDE SOLICITAR EL CONSEJO DE UN ABOGADO EN CUALQUIER ASUNTO RELACIONADO CON LA DENUNCIA O CON ESTA CITACIÓN. DICHO ABOGADO DEBERÁ CONSULTARSE INMEDIATAMENTE PARA QUE SU ALEGATO PUEDA SER PRESENTADO O ENTRADO EN EL MOMENTO REQUERIDO POR ESTA CITACIÓN JUDICIAL.**

The name and address of the Court is (El nombre y dirección del Tribunal es):

Superior Court, County of Santa Clara

191 North First Street

San Jose, CA 95113

CASE NUMBER (Numero del Caso): 22CV395596

1  The name, address, and telephone number of plaintiffs' attorney is (El nombre, dirección

2  y número de teléfono de los abogados del demandante es):

3

4      Timothy A. Bittle

5      Howard Jarvis Taxpayers Foundation

6      921 11th Street, Ste. 1201

7      Sacramento, CA 95814

8      Tel: 916-444-9950

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

## **PROOF OF SERVICE**

2      I am employed in San Mateo County, California, and I am over the age of 18 years and not a

3   party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP,

4   840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in

5   the manner described below:

6      **DEFENDANT CITY OF SAN JOSE'S NOTICE OF THE FILING OF A NOTICE OF
       REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE**
7      **NORTHERN DISTRICT OF CALIFORNIA**

8   ✓   **BY MAIL**: I am readily familiar with this firm's practice for collection and processing of
           correspondence for mailing. Following that practice, I placed a true copy of the aforementioned
9          document(s) in a sealed envelope, addressed to each addressee, respectively, as specified
           below. The envelope was placed in the mail at my business address, with postage thereon fully
10         prepaid, for deposit with the United States Postal Service on that same day in the ordinary
           course of business.
11

12  ✓   **BY E-MAIL**: My e-mail address is kdelia@cpmlegal.com and service of this document(s)
           occurred on the date shown below. This document is being served electronically and the
13         transmission was reported as complete and without error.

14

| | |
|---|---|
| Jonathan M. Coupal<br>Timothy A. Bittle<br>Laura E. Dougherty<br>Howard Jarvis Taxpayers Foundation<br>921 Eleventh Street, Suite 1201<br>Sacramento, CA 95814<br>Telephone: (916) 444-9950<br>Email: tim@hjta.org | Attorneys for Plaintiffs Howard Jarvis Taxpayers Association; Silicon Valley Taxpayers Association, Inc.; Silicon Valley Public Accountability Foundation; James Barry; and George Arrington |

15

16

17

18

19

20

21      I declare under penalty of perjury, under the laws of the State of California, that the foregoing is

22   true and correct. Executed at Burlingame, California, on April 15, 2022.

23

24                                          _/s/ Kathleen D'Elia_
                                             Kathleen D'Elia
25

26

27

3